Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6348 | **DATE** | 1/24/2002 |
| **CASE TITLE** | C.H. Robinson Worldwide, Inc. vs. National Products Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to reconsider this Court's decision to grant Defendant's alternative motion to transfer this suit to South Carolina is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 25 2002 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| | | 02 JAN 24 AM 11:45 | date mailed notice | |
| RO | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JAN 2 5 2002

| | | |
|---|---|---|
| C.H. ROBINSON WORLDWIDE, INC., | ) | |
| Plaintiff, | ) ) ) | No. 01 C 6348 |
| v. | ) ) | Judge Ruben Castillo |
| NATIONAL PRODUCTS CORPORATION, | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION AND ORDER

C.H. Robinson Worldwide ("CHR"), a Delaware corporation with a principal place of business in Minnesota, sued National Products Corporation ("National"), a South Carolina corporation with its principal place of business in South Carolina, to recover the costs of services and the costs of a claim that CHR paid on National's behalf. National filed a motion to dismiss this case under the doctrine of *forum non coveniens*. This Court denied National's motion to dismiss but granted its alternative motion to transfer the suit to South Carolina. CHR now asks the Court to reconsider its decision to transfer this suit to South Carolina. Because we find that CHR has failed to produce any new evidence, show an intervening change in controlling law or show that this Court made a clear error in its decision to transfer this suit, Plaintiff's motion to reconsider is denied. (R. 10-1.)

## RELEVANT FACTS

CHR is a "licensed broker of interstate freight providing broker related transportation services to shippers of freight." (R. 1, Pl.'s Compl. ¶ 14.) Although CHR is based out of Minnesota and incorporated in Delaware, CHR also conducts business in Chicago, Illinois. (*Id.* ¶ 1.) In its complaint, CHR states that "Defendant contacted Plaintiff in Chicago, Illinois to arrange for the transportation of three sealed container loads of Defendant's freight . . . from Spartanburg, South Carolina to Sacramento, California." (*Id.* ¶ 5.) One of National's loads was "discovered leaking at the rail yard in California and was immediately addressed as a hazardous

materials leak after field testing." (*Id.* ¶ 9.) This leakage resulted in remediation, disposal, storage and cleanup costs of $76,387.67. (*Id.* ¶ 10.) CHR seeks judgment against National for the amount of the cleanup costs, as well as additional costs for other professional services that the CHR has rendered to National.

In response to CHR's complaint, National filed a motion to dismiss. In the exercise of its discretion under 28 U.S.C. §§ 1404 and 1406, this Court granted National's alternative motion to transfer. (R. 8, Oct. 15, 2001 Minute Order.) As such, this suit was transferred to the District of South Carolina, Spartanburg Division. CHR now asks this Court to reconsider its decision to transfer this suit. CHR asserts that it was not given an adequate opportunity to address jurisdiction and venue issues in reply to National's motion to dismiss.

## LEGAL STANDARDS

### I. Motion to Reconsider

The standard for a Rule 59(e) motion is very stringent. The only three grounds justifying this extraordinary form of relief are: (1) an intervening change in controlling law; (2) new evidence that has become available; and (3) clear error and manifest injustice. *Bd. of Ed. Of Arlington Heights Sch. Dist. No. 25 v. Ill. State Bd. of Ed.*, No. 98 C 5370, 2001 U.S. Dist. LEXIS 13020, at *3 (N.D. Ill. Aug. 23, 2001) (citations omitted). Rule 59(e) motions do not allow "a party to undo its own procedural failures . . . introduce new evidence or advance arguments that could and should have been presented to the district court prior to judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). "[M]otions to reconsider are not at the disposal of parties who want to 'rehash' old arguments . . . and such motions are not appropriate vehicles for introducing evidence that could have been produced prior to the entry of judgment or for tendering new legal theories for the first time." *Jefferson v. Sec. Pac. Fin. Servs., Inc.*, 162 F.R.D. 123, 125 (N.D. Ill. 1995) (quoting *In re Oil Spill*, 794 F. Supp. 261, 267 (N.D. Ill. 1992); citing *Publisher's Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)).

### II. Motion to Transfer

On October 15, 2001, this Court exercised its power pursuant to 28 U.S.C. §§ 1404(a)

2

and 1406(a) and transferred the dispute between CHR and National to the District of South Carolina, Spartanburg Division. Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Similarly, under § 1406(a), a "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* at § 1406(a). Furthermore, "[t]he weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citations omitted).

## ANALYSIS

### I. CHR's Motion to Reconsider Fails to Present any New Matters

CHR's motion to reconsider attempts to elaborate upon the same jurisdictional issues that were given short treatment in its complaint. In its complaint, CHR notes that National is a South Carolina corporation and that CHR itself is a Delaware corporation authorized to transact business in Illinois as a foreign corporation. CHR's complaint also states that because the two parties are diverse, jurisdiction is found under 28 U.S.C. § 1332. CHR's motion to reconsider simply reasserts the same jurisdictional statements that CHR made in its complaint. In its motion to reconsider, CHR attempts to establish that the Court has jurisdiction over National. CHR also notes that it is a resident of the State of Illinois. The Court, however, already considered this point when it initially decided to transfer this suit to South Carolina. CHR is simply 'rehashing' its initial argument. CHR essentially asserts that National has engaged in various other transactions with CHR. These other transactions, however, are not the subject of CHR's lawsuit. Such assertions are repetitive, inappropriate and insufficient to sustain a motion to reconsider. *See Moro*, 91 F.3d at 876.

More importantly, CHR's arguments miss the point. CHR fails to understand this Court's ruling – that although we may have had technical jurisdiction, we preferred to obviate all

jurisdictional concerns by transferring this lawsuit to a venue which was more materially related to the underlying dispute and which did not have any jurisdictional flaws. *See Follett Coll. Stores Corp. v. Fernandez*, 587 F. Supp. 1051 (N.D. Ill. 1984) ("Where there is a dispute as to whether general or specific venue provisions apply, the case may be transferred to the district where venue cannot be questioned.") (citations omitted).

## II. The Court Did Not Commit Clear Error and Manifest Injustice

There is no dispute that both venue and jurisdiction over this lawsuit exist in South Carolina. CHR would just prefer to proceed in the Northern District of Illinois. Since there is no new evidence or a change in law presented in its motion, CHR is apparently contending that this Court committed a clear error and manifest injustice. Motions for reconsideration should be granted when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). In this motion to reconsider, CHR describes its identity as an Illinois resident as well as National's contacts with Illinois. These assertions would not have been dispositive before the Court decided to transfer this suit to South Carolina and they remain unpersuasive today. Our conclusion follows from the fact that under §§ 1404(a) and 1406(a), this Court has the power to use its discretion when deciding upon a motion for transfer. *See also Coffey*, 796 F.2d at 219 ("The weighing of factors for and against transfer . . . is committed to the sound discretion of the trial judge.").

In this suit, the Court did not commit error and manifest injustice. We simply utilized our discretion to transfer this case in the interest of justice and for the convenience of the parties, because the District of South Carolina not only "has jurisdiction over the defendant [but it] also has the most meaningful relationship to this multi-district dispute." (R. 8, Oct. 15, 2001 Minute Order.) The Court acknowledges CHR's assertion that National contacted CHR at its Chicago, Illinois office on numerous occasions. Since the bulk of the events that caused this dispute occurred outside of this jurisdiction, however, we acted well within our discretion when we

4

transferred this suit. The events giving rise to CHR's complaint – the leaking of National's freight materials, the cleanup of those materials and the National's nonpayment of fees owed to CHR – occurred in California and South Carolina, not Illinois.[1] *See Hughes v. Cargill, Inc.*, No. 94 C 1072, 1994 WL 142994, at *3 n.3 (N.D. Ill. Apr. 12, 1994) (to warrant deference, plaintiff's choice of forum must have "significant connection to the case"); *Cinema Sys., Inc. v. Lab Methods Corp.*, 545 F. Supp. 403, 406 (N.D. Ill. 1982) (plaintiff's choice of forum did not warrant deference where "the material evidence supporting [the defendant's] defense is located entirely outside of Illinois"). Therefore, even if CHR had responded to National's motion to dismiss and even if this Court had determined that it had jurisdiction over National, it is likely that we still would have decided to transfer this suit to South Carolina.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reconsider this Court's decision to grant Defendant's alternative motion to transfer this suit to South Carolina is hereby denied. (R. 10-1.)

ENTERED:

**Judge Ruben Castillo**
**United States District Court**

**Dated: January 23, 2002**

---

[1] CHR argues that because it is a resident of Illinois, this Court should give deference to CHR's choice of forum over National's choice of forum. We reject this argument, however, because most of the events that gave rise to this suit occurred outside of Illinois. *See Yuba Nursing Home Inc. v. TLC of the Bay Area Inc.*, No. 01 C 3612, 2001 WL 1136140, at *4 (N.D. Ill. Sept. 26, 2001) ("The plaintiff's choice of forum is given less weight where another forum bears a stronger relationship to the dispute.") (citations omitted). *See also Quartet Mfg. Co. v. Whitfield*, No. 87 C 5078, 1988 WL 31450, at *2 (N.D. Ill. Mar. 29, 1988) ("[A] plaintiff's choice of forum is entitled to much less weight if the forum chosen has few contacts with the underlying cause of action and the operative facts occurred outside the district.") (citations omitted).